**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| BEVERLY JANE WELLINGTON,<br>Plaintiff,<br>v.<br>INTERNAL REVENUE SERVICE, et al.,<br>Defendants | ) | Case No. 1:26-cv-00045-TJK |

## JOINT STATUS REPORT

As of May 5, 2026, Counsel for the Defendant, the United States, transmitted the Internal Revenue Service-issued Transfer Certificate to Plaintiff to facilitate the release to Plaintiff of the Bank of America deposit(s) she sought in the Amended Complaint. ECF 18, Joint Motion to Stay the Case, p. 1. On May 7, 2026, the Court granted the parties' Joint Motion to Stay this case until July 13, 2026, vacated the deadlines in its April 28, 2026 Minute Order and the hearing on June 4, 2026. The Court also ordered the parties to file a further joint Status Report by July 13, 2026 to update the Court on their efforts to resolve the issues in this case and advise on how the parties wish to proceed. On May 13, 2026, Plaintiff submitted to Counsel for the Defendant a proposed approach to resolving the remaining issues in the case. The parties disagree on how to proceed. Because the parties disagree on how the case should proceed, they submit separate statements:

**Plaintiff's Statement.**

Plaintiff does not agree that issuance of the Transfer Certificate resolves this case. As the parties represented in their Joint Motion to Stay, the stay was sought because "additional disputed issues"

remained and to afford the parties "the time necessary to discuss and assess the issues in the case" (ECF 18). Those issues remain unresolved, and Plaintiff intends to pursue them.

Plaintiff intends to seek leave to amend the Amended Complaint to clarify and properly frame the remaining claims. Plaintiff respectfully submits that setting a dispositive briefing schedule at this time is premature, as any dispositive motion should be directed to the operative pleading once amended.

Plaintiff further disagrees that discovery is unnecessary. The remaining claims raise factual questions that cannot be resolved on the pleadings alone and that Plaintiff intends to develop through discovery. Plaintiff therefore respectfully requests that the Court defer setting any dispositive briefing schedule until after Plaintiff's anticipated motion for leave to amend is resolved and the parties have addressed the need for discovery.

Plaintiff maintains that she has standing to pursue the remaining claims as presently pleaded. Plaintiff's anticipated amendment will further develop and clarify those claims and the bases for standing. The remaining claims present a continuing controversy that is not rendered moot by the return of the specific funds.

**Defendant's Statement.**

Defendant opposes Plaintiff's request to amend the already amended complaint filed on February 3, 2026 and served on the United States on April 14, 2026 for three reasons. *See* ECFs 5 and 13-1. First, the Amended Complaint on the docket is clear on the relief Plaintiff seeks rendering an additional second Amended Complaint unnecessary and unduly delaying this case. Second, the parties have relied on the Plaintiff's theories of her case as set forth in the Amended

Complaint. Indeed, Plaintiff stated in her Memorandum of Points And Authorities In Support of Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction filed on April 23, 2026, that her served Amended Complaint was "the *operative* pleading". ECF 15, Page 14 of 15, lines 336-337 (emphasis added). Third, a motion for leave to amend a complaint and not a joint status report is the mechanism for requesting to file a second amended complaint. The Defendant has not filed a response to the Amended Complaint as this case has been stayed since May 7, 2026. This case initially came before the Court as Plaintiff's motion for a Temporary Restraining Order (TRO) and a Preliminary Injunction (PI) Order. And before the stay, the Court granted the Defendant's consent motion to extend the time to respond to the PI and denied the TRO. The timing of the Defendant's response to the Amended Complaint was not addressed in either the motion to extend or in the joint motion to stay the case.

The Government posits that Plaintiff is not entitled to any additional relief beyond the Government's issuance of the Transfer Certificate on May 5, 2026, discovery is unnecessary in this case, and that the Court should set a dispositive briefing schedule. The United States proposes this dispositive motion briefing schedule:

> The Defendant shall file any dispositive motion by **September 11, 2026**.
>
> The Plaintiff shall file their opposition to the Defendant's motion, and any cross motion by **October 12, 2026**.
>
> The Defendant shall file its reply to its dispositive motion by **November 3, 2026,** but if the Plaintiff files a cross motion, Defendant shall file one brief in reply and in opposition by **November 9, 2026.**
>
> If the Plaintiff files a cross-motion, then Plaintiff shall file their reply by **November 23, 2026.**

Alternatively, the United States proposes the Court set the above briefing on the limited threshold issue of whether Plaintiff has standing to pursue the unresolved claims for relief.

Defendant further proposes that, if after the Court rules on the dispositive motion briefing or on the alternate proposal to brief the threshold issue of standing, if any claims for relief remain unadjudicated, the Defendant is to file its answer to the complaint 21 days after the Court rules on the dispositive motion briefing.

DATED: July 13, 2026

Respectfully submitted,

*/s/ Beverly Jane Wellinton*
BEVERLY JANE WELLINGTON
312 W. 2nd Street
#1550
Casper, WY 82601
*Plaintiff, Pro se*

*/s/ Carmen M. Banerjee*
CARMEN M. BANERJEE
Trial Attorney
Tax Litigation Branch
Civil Division, Department of Justice
P.O. Box 227
Washington, DC 20044
Telephone: (202) 353-3850
Carmen.m.banerjee@usdoj.gov
*Counsel for the United States*

**CERTIFICATE OF SERVICE**

I certify that on July 13, 2026, the foregoing was filed using the CM/ECF system, which will send notice of this filing to all parties registered to receive such notice.

*/s/ Carmen M. Banerjee*
CARMEN M. BANERJEE
Trial Attorney
Civil Division, Department of Justice